# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

October 29, 2019

**VIA ECF**

Honorable George B. Daniels  
United States District Judge  
United States Courthouse  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

   Re: **Saul Valeriano Villareal et al v. SJG Foods LLC et al**  
      **Case No. 17-cv-8322 (GBD)**

      **Mendoza et al. v. Tribeca Restaurant LLC et al.**  
      **Case No. 17-cv-8337 (GBD)**

Your Honor,

  This firm represents the Plaintiffs in the above-referenced consolidated matters. Plaintiffs write jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as **Exhibit A.**

  Plaintiffs have agreed to settle all of their claims in these action. Specifically, the parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice against these Defendants, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the parties that culminated in the Agreement. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims against all the parties asserted in this case as outlined more specifically in the attached Agreement.

  The parties have concluded that the Agreement is fair, reasonable, adequate, and in the parties' best interests. For these reasons and based on the reasons set forth below, the parties

Hon. George B. Daniels
October 29, 2019

jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

**Background**

Plaintiffs were employed as delivery workers for Defendants, who operated two Indian restaurants at issue in these actions, located at 240 West 56th Street, New York, NY 10019 and 45 Murray Street, New York, NY 10007. Although Plaintiffs were ostensibly employed as delivery workers, they were allegedly required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to dishwashing, cleaning, stocking, and preparing food.

In light of the large number of plaintiffs involved in this action, we will not review each individual's employment terms. In general, assuming Plaintiffs' allegation to be true, Plaintiffs were paid well below minimum wage, and in some cases worked above 40 hours per week without receiving any overtime pay. Typically, Plaintiffs alleged that they were paid $20 or $25 per shift, with shifts usually lasting 5 to 6 hours. As such they allegedly were paid well below the minimum wage rate, and were not even paid at the tip-credit minimum wage rate. They received no higher rates of pay when they worked above 40 hours per week.

In addition Plaintiffs allege they were not paid spread of hours pay when they regularly worked more than ten hours in a day, nor were they provided with required annual wage information statements and weekly wage statements under NYLL §195.

Plaintiffs therefore brought this action seeking to recover unpaid minimum wages, overtime wages, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., overtime wage orders of the New York Commission of Labor

codified at N.Y. Comp Codes R. & Regs. Tit. 12, § 146-1.6, and the N.Y. Lab. Law § 190 et seq. Plaintiffs also sought statutory damages for violations of the wage notice and wage statement provisions in New York Labor Law § 195.

Defendants have denied and disputed all of Plaintiffs' claims. Therefore, after weighing the risks of trial and costs of further litigation, the parties have reached an agreement at an early stage.

**Settlement**

The parties have agreed to settle this action for the total sum of Three Hundred Fifty Thousand Dollars ($350,000.00) which will be paid as outlined in **Exhibit A**. Plaintiffs estimated that, in their best-case scenario, they would be entitled to approximately $1,680,000, of which approximately $570,000 would equal their minimum and overtime base damages. However, if Defendants were to succeed, they estimate that Plaintiffs would be entitled to a minor amount, if anything at all.

$232,299.25 of the settlement amount will be paid to the Plaintiff. The remaining $117,700.75 will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.,* 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors

Hon. George B. Daniels
October 29, 2019

including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 225 (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial. Settlement at this stage avoids the need for costly trial. Furthermore, the settlement agreement is the product of arm's-length bargaining between counsel.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $117,700.75 from the settlement fund as attorneys' fees and costs. This fee amount represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Hon. George B. Daniels
October 29, 2019

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Michael Faillace: Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  His work is billed at $450 per hour.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is billed at the rate of $450 per hour and indicated by the initials "MF."
- Joshua Androphy is the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.  Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court.  He was named a Super Lawyers Rising Star for employment litigation each year from 2014 through 2018.  His work is indicated by the initials "JA."
- Work performed by paralegals is billed at the rate of $100 per hour and indicated by the initials "PL."

The lodestar amount for Plaintiffs' attorneys' fees is $32,870.80. A copy of Plaintiffs' attorneys' billing records is annexed hereto as **Exhibit B**.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount, which specifically identifies the amount of the settlement allocated to each plaintiff and to attorneys' fees.  As a result, the fees should be approved.  However, should the Court disagree

Hon. George B. Daniels
October 29, 2019

and find it necessary to reduce the portion of the settlement amount to be applied to Plaintiffs' attorneys from that proposed herein, the parties and Plaintiffs' attorneys respectfully request that the Court approve the settlement agreement with the maximum distribution to Plaintiffs' attorneys that the Court deems appropriate.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Joshua S. Androphy
Joshua S. Androphy, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   All Attorneys of Record (via ECF)